UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-594-H

AHMAD SHAD NADEEM                                                                              PLAINTIFF

V.

GEMINI AIR CARGO, INC.                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ahmad Shad Nadeem, has filed this federal court action against Defendant, Gemini Air Cargo, Inc., claiming wrongful termination. Prior to filing this federal lawsuit, Plaintiff had already filed a grievance on the same grounds with the Air Line Pilots Association, International ("ALPA") against Defendant. After Defendant filed a voluntary bankruptcy petition, the Bankruptcy Court subsequently entered a confirmation order which resolved all existing claims and established a bar to future litigation of them. Defendant now seeks to dismiss Plaintiff's claim because that claim is barred by the terms of a collective bargaining agreement between Defendant's employees and ALPA (the "CBA") and by the bankruptcy confirmation order.

Plaintiff is proceeding without assistance of counsel, which could place him at distinct disadvantage considering the complexity of the labor law and bankruptcy procedural issues which affect his claim. Not surprisingly, Plaintiff has been unable to effectively argue the relevant legal issues. Consequently, the Court has attempted to look beyond the arguments of defense counsel. Even assuming a viable claim, Plaintiff appears the unfortunate victim of

circumstances beyond his or anyone else's control, that being the Gemini bankruptcy. This circumstance limits his legal options and remedies.

There are a number of reasons why this federal action cannot proceed as filed. First, the CBA bars a direct action on this type of claim in federal court. Prior to the bankruptcy, Plaintiff's only remedy for wrongful termination was under the CBA, which requires Plaintiff to submit his grievance to the System Board of Adjustment ("SBA"). Nothing about the subsequent procedural path of this case has changed that requirement. Second, the Bankruptcy Court has prohibited a direct action on prior claims and on this claim in particular. On July 21, 2006, the United States Bankruptcy Court for the Southern District of Florida entered an order confirming the joint plan of reorganization of the debtor. That bankruptcy plan and the accompanying confirmation order specifically enjoined any person holding a claim against Defendant that arose prior to the confirmation of the plan from bringing any further action of any kind against Defendant. The purpose of this language is to bind all the creditors to the plan of reorganization. Otherwise, creditors such as Plaintiff could each try for special treatment outside the bankruptcy jurisdiction.

The Court has reviewed Plaintiff's actual complaint and sympathizes with some of the difficulties he has experienced in trying to obtain resolution of his claims. Whether Plaintiff has any possibility of resolving his substantive disputes by the grievance or arbitration process, the Court does not know. However, those procedural uncertainties and the known factual circumstances do not affect the legal analysis. Under the circumstances, the legal resolution required in this case is quite straightforward. This Court has no jurisdiction to undertake Plaintiff's claims as filed.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:   Ahmad Shad Nadeem, *Pro Se*
      Counsel of Record